# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KARIM HALLOWAY, :
    *Plaintiff*, :
    :
v. : CIVIL ACTION NO. 21-CV-5664
    :
SORAIDA MUNOZ-ROMANO, *et al.*, :
    *Defendants*. :

## MEMORANDUM

**PAPPERT, J.**                                                                                                      January 26, 2022

    *Pro se* Plaintiff Karim Halloway filed a Complaint alleging that he was discriminated against by his former employer, Clemons Food Group, and an individual named Soraida Munoz-Romano. (ECF No. 2.) Halloway also filed a Motion to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Halloway leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice.

## I

    Halloway used the Court's form Complaint for filing an employment discrimination action. He checked boxes indicating that he asserts claims under: (1) Title VII of the Civil Rights Act; (2) the Americans with Disabilities Act; and (3) the Pennsylvania Human Relations Act. (ECF No. 2 at 1.)[1] For discriminatory conduct alleged, Halloway checked boxes for: "termination of [his] employment," "failure to reasonably accommodate [his] disability," "failure to stop harassment," and "retaliation." (*Id.* at 3-4.)

    The allegations in the Complaint are sparse. It appears Halloway, an African American man, was employed by Clemons, although the Complaint does not describe the

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

job he held or when he began working there. (*Id*. at 4.) The Complaint also does not provide any information about Munoz-Romano, including her role at Clemons and her involvement, if any, in the alleged discriminatory conduct. Halloway alleges that the discriminatory acts began on February 2, 2021. (*Id*. at 3.) He provides the following allegations in support of his claims:

> I was wrongfully terminated due to disability. And worked hostile work environment through harassment.
>
> . . .
>
> The facts are multiple attempts to fire (Feb 27 and March 5th). March 5th, 2021 I'd spoke with supervisor Jermaine about the issue. We were under staff too. Clemens rehired the employee of color I believed was wrongfully terminated due to color. Had a picture of me in the building stating if I was seen report me. As if I was crazy. Fired and terminated during FMLA.

(*Id*. at 3-4.) Halloway asserts that he filed a charge of charge of discrimination with the Equal Employment Opportunity Commission on May 20, 2021 and received a Notice of Right to Sue Letter on September 30, 2021. (*Id*. at 5.) He requests that Clemons re-employ him and reasonably accommodate his disabilities. (*Id*. at 6.) He also requests unspecified money damages. (*Id*.)

Three days before filing this *pro se* Complaint, Halloway filed a separate counseled complaint on December 27, 2021, alleging employment discrimination against Clemons. *See Halloway v. Clemons Food Grp.*, Civ. A. No. 21-5618 (ECF No. 1). In that case, Halloway alleges claims under Title VII, the ADA, and the Family Medical Leave Act ("FMLA"). *Id*. His counseled case does not assert claims against Soraida Munoz-Romano. *Id*.

II

The Court grants Halloway leave to proceed *in forma pauperis* because it appears that he cannot afford to pre-pay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it

fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Halloway is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

### A

Halloway asserts Title VII and ADA claims against Clemons and Munoz-Romano. Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). The ADA requires employers to make reasonable accommodations for their employees' disabilities.

28 U.S.C. § 12112(b)(5)(A); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 311 (3d Cir. 1999). Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *See* 42 U.S.C. § 2000e-3; *Allstate Ins. Co.*, 778 F.3d at 449.

The Title VII and ADA claims Halloway asserts against Clemons in this case are duplicative of the claims he alleges in his counseled case, *Halloway v. Clemons*, Civ. A. No. 21-5618. Accordingly, Halloway's Title VII and ADA claims asserted against Clemons in this case will be dismissed without prejudice to Halloway pursing those claims in his counseled case. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*).

The federal claims Halloway asserts against Defendant Munoz-Romano will also be dismissed. Title VII and the ADA do not provide for liability of individual employees, as opposed to liability of the employer (here, Clemons). *See Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 299 (3d Cir. 2017) ("Title VII and the ADA impose liability only on *employers* . . . .") (emphasis in original); *Parikh v. UPS*, 491 F. App'x 303, 308 (3d Cir. 2012) (*per curiam*) (stating that Title VII does not provide "for individual liability"); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA."); *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII.").

Accordingly, the Court will dismiss Halloway's Title VII and ADA claims against Munoz-Romano with prejudice.

B

Halloway also asserts PHRA claims against Clemons and Munoz-Romano. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Halloway does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and both Defendants may be Pennsylvania citizens. He has not sufficiently alleged that the parties

5

are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. As a result, Halloway's state law claims will be dismissed without prejudice.

IV

For the foregoing reasons, the Court will grant Halloway leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will dismiss Halloway's Title VII and ADA claims against Clemons without prejudice as duplicative and against Munoz-Romano with prejudice. The Court will also dismiss Halloway's PHRA claims against Clemons and Munoz-Romano without prejudice. An Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**